IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

OLAF CHILDRESS,                    )
                                   )
            Plaintiff,             )
                                   )
      v.                           )        CASE NO. 2:12-CV-117-WKW
                                   )              [WO]
L.P. WALKER, *et al.*,             )
                                   )
            Defendants.            )

## ORDER

Before the court is Plaintiff Olaf Childress's Application for Award of Fees and Costs.  (Doc. # 80.)  Childress, the producer of a newspaper entitled, *The First Freedom*, filed his lawsuit in January 2012, alleging that the City of Montgomery Police Department and three of its officers violated his constitutional rights when they arrested him without a warrant for refusing to stop distributing copies of his newspaper on a public sidewalk during a public assembly of the Sons of Confederate Veterans.  Childress brought claims for violations of his First, Fourth, Fifth, and Fourteenth Amendment rights under 42 U.S.C. § 1983.  As relief, Childress sought twenty-five thousand dollars in compensatory damages, seventy-five thousand dollars in punitive damages, and attorney's fees and costs.

Ultimately, the action proceeded to trial on Childress's individual-capacity claims against two of the Montgomery Police Department officers.  The case was

tried before a jury from June 17, 2014, to June 18, 2014.  On June 18, 2014, the jury returned a verdict in favor of Childress, finding by a preponderance of the evidence that both officers had intentionally violated Childress's First and Fourth Amendment rights when they forced him to stop distributing his newspaper on a public sidewalk and arrested him without probable cause.  The jury, however, found that Childress failed to present sufficient evidence to support an award of compensatory damages and chose to award Childress $4.00 in nominal damages – $1.00 for each constitutional violation perpetrated by each of the two defendants. Additionally, the jury determined that punitive damages should not be assessed against either defendant.

Following the trial, Childress applied for an award of costs and attorneys' fees in the amount of $33,791.50 – plus any costs associated with litigating the issue of fees – pursuant to 42 U.S.C. § 1988 and Federal Rule of Civil Procedure 54(d)(2).  As grounds for the award of fees and costs, Childress asserted the following: (1) he was the prevailing party; (2) he engaged in good faith settlement negotiations prior to moving for an award; (3) his attorneys worked a minimum of 178.10 hours; and (4) a reasonable hourly fee would be $175.00 for out-of-court work and $225.00 for in-court work.  Alongside his motion for fees and costs, Childress submitted a billing statement calculating the work of his two attorneys

and an affidavit of one of his attorneys attesting to the reasonableness of the fees and costs requested.

Defendants responded in opposition to Childress's motion, raising two critical arguments in favor of denying or reducing Childress's request.  First, Defendants highlighted that the jury initially rendered a verdict in favor of Childress, but without an award of monetary damages.  Only when the jury was instructed that it must award at least nominal damages upon the finding of a constitutional violation did the jury award Childress $1.00 on each of his claims.  In light of this award of minimal nominal damages, Defendants argued that Childress's victory was purely technical and that case law counsels against the award of fees under § 1988 in instances of technical victory.

Second, Defendants asserted that Childress's application for attorneys' fees is defective and without proper foundation.  Specifically, Defendants explained that it is Childress's burden to produce evidence showing that the hourly rate requested is the prevailing market rate for similar services by lawyers of reasonably comparable skills, experience, and reputation in the applicable legal community.  Defendants contend that Childress failed to provide information regarding his attorneys' skills, experience, and reputation with regard to federal civil rights litigation and, instead, merely provided a cursory affidavit from one of

his two attorneys.  Further, Defendants assert that the billing statement Childress provided did not set out his attorneys' time expenditures with sufficient particularity and instead appeared to consist of reconstructed estimates of the hours spent.

Upon consideration of Defendants' arguments in opposition to the award of fees and costs and the importance of the issues Defendants raised, Childress was ordered to reply in writing on or before November 3, 2014.  (Doc. # 85.)  On November 3, 2014, Childress moved for an extension of time to file his reply (Doc. # 86), and the following day he submitted an amended unopposed motion for an extension of time to reply (Doc. # 87).  Childress's motion was granted on November 4, 2014, and he was ordered to file his reply on or before November 17, 2014.  (Doc. # 88.)

To date, Childress has failed to file his reply.  Accordingly, this court has not been provided any argument as to why Childress's award of nominal damages should afford him prevailing-party status.  Additionally, Childress failed to address the alleged insufficiencies within his attorneys' billing statement and lodestar analysis.  Because Childress did not comply with court order and failed to supply arguments and facts necessary for an award of fees and costs under 42 U.S.C. §

4

1988 and Federal Rule of Civil Procedure 54(d)(2), Childress's application is due to be denied.

Based on the foregoing analysis, it is ORDERED that Plaintiff Olaf Childress's Application for Award of Fees and Costs (Doc. # 80) is DENIED.

DONE this 13th day of March, 2015.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE
